UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARIBEL SARANTE                                          COMPLAINT

                                        Plaintiff,       JURY DEMAND

        -against-

THE CITY OF NEW YORK; JAMES P. O'NEILL, as Police
Commissioner, Police Department City of New York;
STEVEN M. HELLMAN, as Commanding Officer,
7th Precinct; CLARENCE DAWSON, as Lieutenant,
7th Precinct; EDWARD CARRASCO, as Lieutenant,
7th Precinct; FREDDY LOPEZ, as Sergeant; 7th Precinct and
JENNIFER KIELB, as Police Officer, 7th Precinct
each sued individually in their official capacities as employees
of defendant THE CITY OF NEW YORK

                                        Defendants
------------------------------------------------------------------------x

        The plaintiff, MARIBEL SARANTE by her attorney THE SANDERS FIRM, P.C., for

her complaint against defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN

M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and

JENNIFER KIELB respectfully set forth and allege that:

## **INTRODUCTION**

        This is an action on behalf of the plaintiff MARIBEL SARANTE, (hereinafter referred to as

"plaintiff") alleging her statutory rights as an employee and citizen were violated due to defendants THE

CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE

DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB'S gender

discrimination.

## **JURISDICTION AND VENUE**

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a.    Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of gender;

    b.    the Civil Rights Act of 1871, 42 U.S.C. § 1983;

    c.    New York State Executive Law § 296;

    d.    New York City Administrative Code § 8-107

2.    The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

4.    Plaintiff alleges on or about May 1, 2017, she filed a complaint with the United States Equal Employment Opportunity Commission (EEOC), Complaint No.:  520-2017-02617.

5.    Plaintiff alleges on or about January 8, 2018, she received a Notice of Right to Sue from the EEOC.

6.    Plaintiff filed this suit within the applicable statute of limitations period.

7.    Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

8.    Plaintiff MARIBEL SARANTE is a female citizen of the United States of America, over twenty-one (21) years of age and resident of the County of Richmond.

## DEFENDANTS'

9.     Defendant THE CITY OF NEW YORK is a municipal corporation and at all relevant times plaintiff's employer, with its central officers in the county of New York, and diverse other offices and facilities throughout the world.

10.    Defendant JAMES P. O'NEILL, as Police Commissioner, Police Department City of New York.

11.    Defendant STEVEN M. HELLMAN, as Commanding Officer, 7th Precinct.

12.    Defendant CLARENCE DAWSON, as Lieutenant, Integrity Control Officer, 7th Precinct.

13.    Defendant EDWARD CARRASCO, as Lieutenant, Platoon Commander, 7th Precinct.

14.    Defendant FREDDY LOPEZ, as Sergeant, 7th Precinct.

15.    Defendant JENNIFER KIELB, as Police Officer, 7th Precinct.

**BACKGROUND**

16.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO are fully aware female subordinates' accusing their supervisors of sexual harassment is a very serious problem especially in the ranks of Sergeant and above.

17.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO are fully aware sexual harassment is a very serious problem especially in the ranks of Sergeant and above, they are rarely if ever disciplined.

18.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO fully support

3

'Supervisor Immunity.'

19.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO through the Office of Equal Employment Opportunity and Internal Affairs Bureau specifically investigate cases to reach the result of 'Supervisor Immunity.'

20.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO are fully support the Office of Equal Employment Opportunity and Internal Affairs Bureau 'substantiation' rate of less than 10% due to gender bias.

21.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO use 'Supervisor Immunity' and the 'substantiation' rate to promote unqualified employees such as defendant FREDDY LOPEZ who then further 'prey' upon other female employees.

22.      Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO although they are fully aware female subordinates' accusing their supervisors of sexual harassment is a serious problem, the department allocates very little training resources if any related to sexual harassment.

23.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO although they are fully aware female subordinates' accusing their supervisors of sexual harassment is a serious problem, the department does not make sexual harassment training mandatory.

24.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL;

STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO although they are fully aware female subordinates' accusing their supervisors of sexual harassment is a serious problem, supervisors are rarely if ever disciplined.

25.    Plaintiff alleges defendant THE CITY OF NEW YORK promoted defendant FREDDY LOPEZ although NYPD management were fully aware he has a history of engaging in inappropriate 'supervisor-subordinate relationships' with female subordinates.

26.    Plaintiff alleges defendant THE CITY OF NEW YORK promoted defendant FREDDY LOPEZ despite his predatory conduct due to gender bias against female subordinates.

27.    Plaintiff alleges since early 2015 her direct supervisor, defendant FREDDY LOPEZ made several inappropriate sexual remarks and advances towards her including: inviting her to engage in a threesome with him; 'his wife gives him no ass', 'Sarante gets no dick', 'I would've taken care of you if you drove me', etc.

28.    Plaintiff alleges since early 2015, her direct supervisor defendant FREDDY LOPEZ made inappropriate sexual remarks and advances towards other female officers including on another occasion, he ordered police Officer Sherice Smiling to go upstairs to the female locker room and tell Police Officer Erica Rivera to 'stop playing with her pussy and report to the Desk.'

29.    Plaintiff alleges since early 2015, in response to her rejection, defendant FREDDY LOPEZ and other police supervisors including defendant HYON CHAE would change her assignments, fail to notify her about changes in assignments and ultimately re-assigning her to work the late tours to make her workplace intolerable.

30.    Plaintiff alleges since early 2015, in response to her rejection, defendants' FREDDY LOPEZ and JENNIFER KIELB began making false allegations against her in an

attempt to have her arrested, suspended and transferred.

31.    Plaintiff alleges since early 2015, defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO were aware defendants' FREDDY LOPEZ and JENNIFER KIELB made numerous false allegations against her in an attempt to have her arrested, suspended and transferred but, took no action against them.

32.    Plaintiff alleges on or about December 7, 2015 and December 21, 2015, she filed complaints with the NYPD Office of Equal Employment Opportunity (OEEO) alleging defendant FREDDY LOPEZ subjected her to disparaging remarks and a display of offensive materials in the workplace.

33.    Plaintiff alleges shortly thereafter, while in Roll Call, defendant FREDDY LOPEZ took out a mouse trap and threw it to the floor and started laughing.

34.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO were aware of defendant FREDDY LOPEZ'S behavior but, took no action against him.

35.    Plaintiff alleges on or about December 20, 2015, after Roll Call, defendant FREDDY LOPEZ placed a plastic glove on his hand and stated paraphrase "I'm here to do a Cavity Search. Who wants one?"

36.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO were aware of defendant FREDDY LOPEZ'S behavior but, took no action against him.

37.    Plaintiff alleges he then picked up two apples and one banana to form a shape of a penis, while laughing stated paraphrase 'Who wants a banana?'

38.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO were aware of defendant FREDDY LOPEZ'S behavior but, took no action against him.

39.     Plaintiff alleges on or about December 21, 2015, defendant FREDDY LOPEZ 'falsely' accused her and her partner of stealing time to defendant STEVEN M. HELLMAN, then to the NYPD Internal Affairs Bureau.

40.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO were aware of defendant FREDDY LOPEZ'S allegations against her were 'false' but, took no action against him.

41.     Plaintiff alleges on or about March 8, 2016, she received a letter from the NYPD OEEO indicating her complaints 'did not rise to the level of employment discrimination under Title VII of the Civil Rights Act of 1964, or applicable state or local laws.'

42.     Plaintiff alleges the NYPD OEEO did not take her complaints seriously.

43.     Plaintiff alleges on or about June 7, 2016, a complaint was filed on her behalf with the NYPD OEEO alleging defendant FREDDY LOPEZ subjected her to disparaging remarks and retaliation.

44.     Plaintiff alleges on or about June 13, 2016 defendant JENNIFER KIELB, defendant FREDDY LOPEZ'S paramour, filed a 'false' complaint against her claiming plaintiff assaulted her in the Desk Area with a chair.

45.     Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD CARRASCO were aware of defendant JENNIFER KIELB, defendant FREDDY LOPEZ'S paramour allegations were 'false'

but, took no action against them.

46.    Plaintiff alleges on or about March 3, 2017, she received a letter from NYPD

OEEO indicating her complaints 'did not reveal sufficient evidence to corroborate your

allegations of retaliation.'

47.    Plaintiff alleges the NYPD OEEO did not take her complaints seriously.

48.    Plaintiff alleges since early 2015, defendants' THE CITY OF NEW YORK;

JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON and EDWARD

CARRASCO knew defendants' FREDDY LOPEZ and JENNIFER KIELB created a hostile

work environment and retaliated against her for reporting their conduct to the NYPD OEEO,

Internal Affairs Bureau and the EEOC.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### GENDER DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

49.    Plaintiff re-alleges Paragraphs 1 through 48 and incorporates them by reference as

Paragraphs 1 through 48 of Count I of this Complaint.

50.    Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents

engaged in a pattern and practice of gender discrimination against her with respect to the terms,

conditions and privileges of employment because of her gender.

51.    Plaintiff alleges that defendant THE CITY OF NEW YORK knew or should have

known about gender discrimination in the workplace because of their prior history of

discriminatory conduct.

52.    Plaintiff alleges that the discriminatory acts of defendant THE CITY OF NEW

YORK caused her to suffer depression and anxiety.

53.     Plaintiff alleges that defendant THE CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, from in or around early 2015 to this day.

54.     Plaintiff alleges that the acts of defendant THE CITY OF NEW YORK under color of law caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT II
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

55.     Plaintiff re-alleges Paragraphs 1 through 54 and incorporates them by reference as Paragraphs 1 through 54 of Count II of this Complaint.

56.     Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in various cruel and hostile actions towards her due to gender.

57.     Plaintiff alleges that the cruel and hostile acts of defendant THE CITY OF NEW YORK through its agents under color of law caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT III
### RETALIATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

58.     Plaintiff re-alleges Paragraphs 1 through 57 and incorporates them by reference as Paragraphs 1 through 57 of Count III of this Complaint.

59.     Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in various retaliatory actions against her for opposing gender discrimination and filing such complaints with the NYPD OEEO, Internal Affairs Bureau and the EEOC.

60.     Plaintiff alleges that as a result of the illegal acts of defendant THE CITY OF
NEW YORK through its agents under color of law caused her to incur significant legal costs,
emotional distress, damage to her personal and professional reputation.

**COUNT IV**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

61.     Plaintiff re-alleges Paragraphs 1 through 60 and incorporates them by reference as Paragraphs 1
through 60 of Count IV of this Complaint.

62.     Plaintiff alleges that defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN;
CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB
intentionally engaged in an outrageous and systematic pattern of gender discrimination,
oppression, bad faith and cover-up, directed at her from in or around early 2015 to this day.

63.     Plaintiff alleges that defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN;
CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB
acting individually and in their official capacities as a public officials of defendant THE CITY
OF NEW YORK under color of law, and having been fully advised that she was being deprived
of her constitutional rights, either acted in a concerted, malicious intentional pattern to further
discriminate against her, or knowing such discrimination was taking place, knowingly omitted to
act to protect her.

64.     Plaintiff alleges defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN;
CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB
under color of law caused her to incur significant legal costs, emotional distress, damage to her
personal and professional reputation.

## COUNT V
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

65.    Plaintiff re-alleges Paragraphs 1 through 63 and incorporates them by reference as Paragraphs 1 through 63 of Count V of this Complaint.

66.    Plaintiff alleges that defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB intentionally engaged in an outrageous and systematic pattern of gender discrimination, hostility, oppression, bad faith and cover-up, directed at her from in or around early 2015 to this day.

67.    Plaintiff alleges that defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB acting individually and in their official capacities as a public officials of defendant THE CITY OF NEW YORK under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her.

68.    Plaintiff alleges defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB under color of law caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

## COUNT VI
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

69.    Plaintiff re-alleges Paragraphs 1 through 68 and incorporates them by reference as Paragraphs 1

through 68 of Count VI of this Complaint.

70.    Plaintiff alleges that defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN;

CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB

intentionally engaged in an outrageous and systematic pattern of gender discrimination, hostility,

oppression, bad faith and cover-up, directed at her from in or around early 2015 to this day.

71.    Plaintiff alleges that defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN;

CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB

acting individually and in their official capacities as a public officials of defendant THE CITY

OF NEW YORK under color of law, and having been fully advised that she was being deprived

of her constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate

against her for opposing gender discrimination and filing such complaints with the NYPD

OEEO, Internal Affairs Bureau and the EEOC.

72.    Plaintiff alleges that defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN;

CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB

under color of law caused her to incur significant legal costs, emotional distress, and damage to

her personal and professional reputation

**COUNT VII**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

73.    Plaintiff re-alleges Paragraphs 1 through 72 and incorporates them by reference as Paragraphs 1

through 72 of Count VII of this Complaint.

74.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused

her injuries.

75.    Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing

'official and un-official' policies of supporting gender discrimination, related claims and 'Supervisor Immunity' under color of law.

76.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights.

77.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her to sustain damages.

**COUNT VIII**
**NEGLIGENT HIRING**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

78.    Plaintiff re-alleges Paragraphs 1 through 77 and incorporates them by reference as Paragraphs 1 through 77 of Count VIII of this Complaint.

79.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights by hiring of defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB.

80.    Plaintiff alleges hiring defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

81.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agent decided to hire defendants' JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB she sustained constitutional and statutory injuries.

## COUNT IX
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

82.    Plaintiff re-alleges Paragraphs 1 through 81 and incorporates them by reference as Paragraphs 1 through 81 of Count IX of this Complaint.

83.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

84.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

85.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

86.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents' failure to train its employees regarding gender discrimination, related claims and 'Supervisor Immunity' in the workplace she sustained constitutional and statutory injuries.

## COUNT X
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

87.    Plaintiff re-alleges Paragraphs 1 through 86 and incorporates them by reference as Paragraphs 1 through 86 of Count X of this Complaint.

88.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

89.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees

mishandling the situation.

90.     Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

91.     Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents' failure to supervise its employees she sustained constitutional and statutory injuries.

**COUNT XI**
**FAILURE TO DISCIPLINE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

92.     Plaintiff re-alleges Paragraphs 1 through 91 and incorporates them by reference as Paragraphs 1 through 91 of Count XI of this Complaint.

93.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights by failing to discipline STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB.

94.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents' failure to discipline defendants' STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

95.     Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents' failure to discipline defendants' STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB she sustained constitutional and statutory injuries.

**COUNT XII**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

96.    Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count XII of this Complaint.

97.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

98.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB discriminated against her because of her gender.

99.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB, she suffered the indignity of gender discrimination and great humiliation.

100.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

**COUNT XIII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

101.    Plaintiff re-alleges Paragraphs 1 through 100 and incorporates them by reference as Paragraphs 1 through 100 of Count XIII of this Complaint.

102.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

103.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

104.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB engaged in various hostile actions against her based upon her gender.

105.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB, she suffered the indignity of gender discrimination.

106.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT XIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

107.    Plaintiff re-alleges Paragraphs 1 through 106 and incorporates them by reference as Paragraphs 1 through 106 of Count XIV of this Complaint.

108.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

109.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

110.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB engaged in various retaliatory actions against her as a result of her opposition to gender discrimination and for filing such complaints with the NYPD OEEO, Internal Affairs Bureau and the EEOC.

111.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB, she suffered the indignity of gender discrimination and great humiliation.

112.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB'S violations caused her mental anguish, emotional distress, damage to her personal and professional reputation.

### COUNT XV
### GENDER DISCRIMINATION
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

113.    Plaintiff re-alleges Paragraphs 1 through 112 and incorporates them by reference as Paragraphs 1 through 112 of Count XV of this Complaint.

114.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

115.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P.

O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO;

FREDDY LOPEZ and JENNIFER KIELB discriminated against her because of her gender.

116.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M.

HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and

JENNIFER KIELB, she suffered the indignity of gender discrimination and great humiliation.

117.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL;

STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY

LOPEZ and JENNIFER KIELB'S violations caused her to incur significant legal costs,

emotional distress, damage to her personal and professional reputation.

## COUNT XVI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

118.    Plaintiff re-alleges Paragraphs 1 through 117 and incorporates them by reference

as Paragraphs 1 through 117 of Count XVI of this Complaint.

119.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it

unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment because of their gender.

120.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

hostilities are encouraged and/or tolerated.

121.    Plaintiff alleges defendants THE CITY OF NEW YORK; JAMES P. O'NEILL;

STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY

LOPEZ and JENNIFER KIELB engaged in various hostile actions against her.

122.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M.

HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and

JENNIFER KIELB, she suffered the indignity of gender discrimination.

123.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P.

O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO;

FREDDY LOPEZ and JENNIFER KIELB'S violations caused her to incur significant legal

costs, emotional distress, damage to her personal and professional reputation.

**COUNT XVII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

124.    Plaintiff re-alleges Paragraphs 1 through 123 and incorporates them by reference as Paragraphs 1

through 123 of Count XVII of this Complaint.

125.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it

unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment because of their gender.

126.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

retaliation is encouraged and/or tolerated.

127.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P.

O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO;

FREDDY LOPEZ and JENNIFER KIELB engaged in various retaliatory actions against her for

opposing gender discrimination and filing such complaints with the NYPD OEEO, Internal

Affairs Bureau and the EEOC.

128.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M.

HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and

JENNIFER KIELB, she suffered the indignity of gender discrimination and great humiliation.

129.    Plaintiff alleges that defendants THE CITY OF NEW YORK; JAMES P.

O'NEILL; STEVEN M. HELLMAN; CLARENCE DAWSON; EDWARD CARRASCO;

FREDDY LOPEZ and JENNIFER KIELB'S violations caused her mental anguish, emotional

distress, damage to her personal and professional reputation.

## JURY TRIAL

130.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants THE

CITY OF NEW YORK; JAMES P. O'NEILL; STEVEN M. HELLMAN; CLARENCE

DAWSON; EDWARD CARRASCO; FREDDY LOPEZ and JENNIFER KIELB jointly and

severally, in an amount to be determined at trial, plus any al available statutory remedies, both

legal and equitable, and interests and costs.

Dated:  April 2, 2018
New York, N.Y.

Respectfully submitted,

By:    _____
        Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com